Brent D. Wride (5163)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
(801) 532-1500
bwride@rqn.com
*Attorneys for Molina Healthcare of Utah, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOLINA HEALTHCARE OF UTAH, INC.<br><br>Plaintiff,<br><br>vs.<br><br>TODD E. KISER, in his capacity as the Liquidator of Arches Mutual Insurance Company,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>Case No.  2:19-cv-00025-BCW<br><br>Magistrate Judge Brook C. Wells |

The plaintiff, Molina Healthcare of Utah, Inc. ("**Molina**"), files this complaint seeking a declaratory judgment against the Utah Insurance Commissioner, Todd E. Kiser, acting in his capacity as the Liquidator of Arches Mutual Insurance Company.

### PARTIES AND JURISDICTION

1. Molina is a corporation organized and existing under the laws of the State of New Mexico and is a wholly-owned subsidiary of Molina Healthcare, Inc.

2. Todd E. Kiser is the current Utah Insurance Commissioner, and he serves as the liquidator of Arches Mutual Insurance Company ("**Arches**").  As the liquidator of Arches, Mr.

Kiser acts through his Special Deputy Liquidator, Stillman Consulting Services, L.L.C. Mr. Kiser and Stillman Consulting Services are referred to collectively herein as the "**Liquidator**."

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case raises the federal question of whether a Utah statute is preempted by federal Medicare law.

## FACTUAL BACKGROUND

*Arches*

4.  Arches was a Utah nonprofit, co-op insurance company created pursuant to the provisions of the Affordable Care Act.

5.  On October 30, 2015, the Utah Insurance Commissioner filed a petition with the Third Judicial District Court, Salt Lake County, State of Utah (the "**Liquidation Court**") seeking to have Arches placed into rehabilitation.

6.  Seven weeks later, the Commissioner sought to terminate the rehabilitation proceeding and convert it to a liquidation proceeding. The Liquidation Court entered a liquidation order on January 13, 2016, and appointed the Utah Insurance Commissioner as the Liquidator of Arches.

*Molina*

7.  Molina is a healthcare insurance company doing business in Utah.

8.  Molina has no relationship with Arches of any kind.

9.  First, Molina has no corporate relationship with Arches. It is not an affiliate, parent, or subsidiary of Arches.

10. Second, Molina has never had a contractual relationship of any kind with Arches.

11. In addition, Molina is not a party to the liquidation proceeding involving Arches. Although the Liquidator filed a motion with the Liquidation Court seeking to compel Molina to make certain payments, the Liquidation Court does not have jurisdiction over Molina because the Liquidator has never served Molina with a summons and complaint.

### *The Assessment*

12. On December 31, 2018, Molina received a document from the Liquidator entitled "Notice of Assessment" (the "**Assessment**"). A true and correct copy of the Assessment is attached hereto as Exhibit A.

13. In the Assessment, the Liquidator demands that Molina pay $2,809,676.93 to be passed along to hospitals, doctors, and other healthcare providers that provided services to enrollees of Arches.

14. The Liquidator states in the Assessment that he has "elected to pursue the assessment independent of the Liquidation Court."

### *Utah Law Regarding the Assessment*

15. Utah has a statutory process for liquidating insolvent health maintenance organizations ("**HMO**" or "**HMOs**") such as Arches.

16. The centerpiece of the Utah statutory process is section 403 of the Utah Insurer Receivership Act, which is found at §§ 31A-27a-101 to 902 of the Utah Insurance Code (the "**UIRA**").

17. Section 403 of the UIRA is entitled "Continuance of coverage—Health maintenance organizations," and it is designed to ensure *continuation of coverage* for enrollees if an HMO is placed into receivership.

18. Section 403 includes several key provisions regarding such continuation of coverage, and the statute gives a receiver like the Liquidator authority to take "one or more" certain specified actions "to assure *continuation* of health care coverage for enrollees of an insolvent managed care organization." Utah Code Ann. § 31A-27a-403(2) (emphasis added).

19. The receiver may require doctors, hospitals, and other healthcare providers to continue, for a certain time, to provide the services that they have agreed to perform under their agreements with the HMO. § 403(2)(a)(i).

20. The receiver may reduce the fees that a provider is otherwise entitled to receive. § 403(2)(b).

21. The receiver may require other HMOs to accept enrollees of the insolvent HMO and to provide such enrollees all of the rights, privileges, and obligations of enrollees of the new (accepting) HMO. § 403(e)(i).

22. Finally, because it takes a receiver time to transfer all of the enrollees of the defunct HMO to a new HMO, the statute contains a mechanism for protecting enrollees by paying providers during the narrow window of time between when a receivership petition is filed and the date by which the receiver has transferred all of the enrollees to new HMOs. This mechanism is found in subsection (e)(vi) of section 403, which allows the Liquidator to make an assessment against all solvent HMOs to pay for the covered claims incurred by the enrollees of the insolvent HMO during a certain period.

### *Conflicting Federal Law*

23. Molina operates Medicaid, Medicare Advantage, and CHIP plans. These plans are governed by federal law.

24. Federal law specifically prohibits a state from imposing any kind of assessment with respect to Medicare payments and premiums.

25. For example, with respect to Medicare Advantage, federal law provides:

> No premium tax, fee, *or other similar assessment may be imposed by any State* . . . with respect to any payment MS makes on behalf of [Medicare Advantage] enrollees . . ., or with respect to any payment made to [Medicare Advantage] plans by beneficiaries, or payment to [Medicare Advantage] plans by a third party on a beneficiary's behalf.

42 CFR § 422.404 (emphasis added). *See also* 42 CFR § 422.404; 42 U.S.C. § 1395w-24(g).

26. Similarly, with respect to Medicare Part D, federal law provides:

> No premium tax, fee, *or other similar assessment may be imposed by any State* . . . for any payment CMS makes on behalf of Part D plan or enrollees.

42 CFR § 423.440 (emphasis added).

27. The Liquidator's efforts to assess Molina to pay providers that contracted with Arches is an "assessment" related to money Molina received from the federal government.

28. As such, the Liquidator's effort to impose an assessment based upon Molina's Medicare-related business is specifically prohibited by federal law.

## CLAIM FOR RELIEF
### (Declaratory Judgment)

29. The Plaintiff incorporates the allegations of the above paragraphs as if fully set forth herein.

30. Federal law specifically prohibits the assessment that the Liquidator seeks to make against Molina.

31. Under Article VI, Section 2, of the U.S. Constitution, the Utah statute upon which the Liquidator relies for his assessment against Molina is preempted by federal Medicare law.

32. Molina is entitled to a declaratory judgment from this Court declaring that section 402(2)(e)(vi) as applied in this instance is preempted by federal Medicare statutes and regulations and that the Liquidator's Assessment against Molina is therefore invalid.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, the Plaintiff prays for a declaratory judgment establishing that the Liquidator's Assessment against Molina is invalid because the Utah statute upon which the Liquidator relies is preempted by federal law.

DATED this 10th day of January, 2019.

RAY QUINNEY & NEBEKER P.C.

/s/ Brent D. Wride
Brent D. Wride
*Attorneys Molina Healthcare of Utah, Inc.*

1477277