IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOLINA HEALTHCARE OF UTAH, INC. Plaintiff, v. TODD E. KISER, in his capacity as the Liquidator of Arches Mutual Insurance Company, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:19-cv-00025-DB District Judge Dee Benson |

Before the court is Defendant's Motion to Dismiss or Stay Proceeding. (Dkt. No. 9.) The Motion has been fully briefed by the parties, and the court has considered the arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the U.S. District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

This action arises from a liquidation proceeding for Arches Mutual Insurance Company, an insolvent former health maintenance organization, currently pending in the Third Judicial District Court in Salt Lake County, State of Utah, Case No. 150907803. That state court action has been proceeding for over three years. Plaintiff Molina Healthcare of Utah filed its Complaint for declaratory relief in this court on January 10, 2019, arguing that the assessment that Defendant Todd E. Kiser, in his capacity as Liquidator of Arches, seeks to make against Molina is preempted by federal Medicare law. (Dkt. No. 2.) On February 26, 2019 Defendant moved the court to dismiss, or in the alternative, stay this action, in accordance with the Declaratory Judgment Act and the McCarran-Ferguson Act. (Dkt. No. 9.)

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any [U.S.] court, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "Because of the Act's use of the word 'may,' ... courts have the power, but not the duty, to hear claims for declaratory judgment." *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 (10th Cir. 2012). Accordingly, the court enjoys "unique and substantial discretion in determining whether to declare the rights of litigants" under the Declaratory Judgment Act. *United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002).

The Tenth Circuit has provided five factors for trial judges to use when deciding whether to hear a case under the Declaratory Judgment Act: 1) whether a declaratory action would settle the controversy; 2) whether it would serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for the race to *res judicata*"; 4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there is an alternative remedy which is better or more effective. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

Regarding the first and second *Mhoon* factors, "whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue [hinges] on the overall question of whether the controversy would be better settled in state court." *See City of Las Cruces*, 289 F.3d at 1187. The court agrees with Defendant that it should not entertain this action where the same fact-dependent issues are likely to be decided in the pending state court proceeding. The state court proceeding includes all of the affected HMOs, in addition to Molina Healthcare.

Accordingly, this controversy would be more appropriately addressed in the state court proceeding. As to the third factor, the Tenth Circuit has "recognized 'procedural fencing' and 'a race to *res judicata*' where an identical or substantially similar action is proceeding in state court," *Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-cv-560–REB–MEH, 2014 WL 811993, at *18 (D.Colo. Mar. 3, 2014) (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir.1946)), which is also a factor here. As to the fourth factor, the McCarran-Ferguson doctrine weighs heavily against this court interfering with the State of Utah's regulation of the business of insurance under these circumstances. As to the fifth factor, the court holds that the state court proceeding is the better avenue to effectively and efficiently address the issues presented in the instant case.

## **CONCLUSION**

For the foregoing reasons, the court elects to abstain from hearing this declaratory judgment action. Defendant's Motion to Dismiss is hereby GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

Signed June 3, 2019.

BY THE COURT

_____
District Judge Dee Benson